JOHN S. A. MARTYN v. MINNESOTA & INTERNATIONAL RAILWAY
COMPANY.[1]

June 3, 1904.

Nos. 13,895—(126).

Action in the district court for Ramsey county by plaintiff, a minor, by his guardian ad litem, to recover $25,000 for personal injuries. The case was tried before Kelly, J., and a jury, which rendered a verdict in favor of plaintiff for $5,000. From an order denying a motion for judgment notwithstanding the verdict and granting a motion for a new trial, defendant appealed. Affirmed.

*Durment & Moore,* for appellant.

*Samuel A. Anderson,* for respondent.

PER CURIAM.

This action is to recover for the alleged negligence of one of defendant's engineers while operating an engine in the railroad yards at Brainerd. The plaintiff, a switchman, had given a signal to the engineer to come ahead, which was observed. Plaintiff then attempted to step upon the engine by the aid of a handhold and stirrup, when the engineer, it is claimed, negligently increased its speed, causing it to jerk suddenly, which dislodged plaintiff's grasp of the handhold, as well as his foot from the stirrup, whereby he fell upon the track and was run over. The usual questions of fact in such cases, viz., the negligence of defendant's engineer, as well as the alleged contributory negligence of plaintiff, were submitted to the jury.

There was a verdict for plaintiff, and a motion for judgment or a new trial, in the alternative. The trial court refused to order judgment for the defendant, but in the exercise of its discretion, upon a consideration of the evidence, directed a new trial. Defendant appeals from the denial of the motion for judgment, and contends that the evidence so conclusively established that the engineer exercised the care required of him, and that it was so clearly demonstrated that the plaintiff

[1] Reported in 99 N. W. 1133.

was himself at fault, that he was not entitled to recover or have the cause submitted to another jury. We have carefully examined the entire evidence upon the respective claims of the parties, and are unable to say that the court's discretion was improperly exercised in its order for a new trial, or that the court erred in denying the motion for judgment; and, since there must be a rehearing of all the issues, we deem it improper to discuss the questions of fact at length.

Order affirmed.